United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIA REYES,

        Plaintiff,

    v.

TARGET CORPORATION,

        Defendant.

Case No. 4:26-cv-01708-KAW

CASE MANAGEMENT AND PRETRIAL
ORDER FOR JURY TRIAL

1.    TRIAL DATE

    a.    Jury trial will begin on December 6, 2027 at 9:00 a.m. at the U.S. District Court, 1301 Clay Street, Oakland, California.  For courtroom number and floor information, please check the Court's on-line calendar at www.cand.uscourts.gov/judgeswkcal one week prior to trial or call Judge Westmore's Courtroom Deputy at (510) 637-3525.

    b.    The length of the trial will be no more than 7 days.  The Court may shorten the allotted time as it deems appropriate and may also allocate a fixed number of hours for each side. Court hours for trial are normally 9:00 a.m. to 3:00 p.m., subject to the Court's availability.

2.    DISCOVERY AND EXPERT DISCLOSURES

    a.    All non-expert discovery shall be completed by June 18, 2027.

    b.    Experts shall be disclosed and reports provided by March 19, 2027.

    c.    Rebuttal experts shall be disclosed and reports provided by April 19, 2027.

    d.    All discovery from experts shall be completed by June 18, 2027.

3.    PRETRIAL MOTIONS

    a.    The last day for hearing dispositive motions shall be August 19, 2027.

    b.    Only one summary judgment motion may be filed by each side, absent leave of court.  Leave of court may be sought if multiple parties comprise one or both sides.

Leave of court may be obtained by filing a motion for administrative relief pursuant to Civ. L. R. 7-11, or by requesting a case management conference or informal telephone conference.

c.    Separate statements of undisputed facts in support of or in opposition to motions for summary judgment shall NOT be filed. See Civil L. R. 56-2. The parties may file a truly joint statement of undisputed facts only if all parties agree that the facts are undisputed.

d.    Objections to evidence may no longer be filed separately but must be contained within the opposition or reply brief or memorandum. Civil L. R. 7-3.

e.    Each party filing or opposing a motion shall also serve and file a proposed order which sets forth the relief or action sought and a short statement of the rationale of decision, including citation of authority that the party requests the court to adopt.

f.    Chambers copies of each electronically-filed dispositive motion must include on each page the running header created by the ECF system and must be delivered to the Clerk's Office by noon the day following its filing.  All documents must be stapled or bound by a two-pronged fastener, and all exhibits to declarations or requests for judicial notice must be tabbed.

g.    In addition, counsel shall email copies of all motions for summary judgment in standard Word format (.doc or .docx, and not .pdf format) to kawpo@cand.uscourts.gov.

4.    <u>LAST DAY TO SEEK LEAVE TO AMEND PLEADINGS</u>

The last day to seek leave to amend the pleadings is December 31, 2026.

5.    <u>ALTERNATIVE DISPUTE RESOLUTION/SETTLEMENT CONFERENCE</u>

The ADR process and deadline will be addressed at a later date.

6.    <u>PRETRIAL CONFERENCE</u>

a.    A pretrial conference shall be held on November 17, 2027 at 2:00 p.m.  Lead counsel who will try the case (or the party if pro se) must attend.  The timing of disclosures required by Federal Rule of Civil Procedure 26(a)(3) and other pretrial disclosures shall be

United States District Court
Northern District of California

2

governed by this order.

b. By October 5, 2027, lead counsel shall meet and confer regarding:

(1) Preparation and content of the joint pretrial conference statement;

(2) Preparation and exchange of pretrial materials to be served and lodged pursuant to paragraph 5(c) below; and

(3) Settlement of the action.

c. By October 12, 2027, counsel and/or parties shall:

(1) File a joint pretrial statement that includes the pretrial disclosures required by Federal Rule of Civil Procedure 26(a)(3) as well as the following supplemental information:

(a) *The Action.*

(i) <u>Substance of the Action</u>. A brief description of the substance of claims and defenses which remain to be decided.

(ii) <u>Relief Prayed</u>. A detailed statement of all the relief claims, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

(b) *The Factual Basis of the Action.*

(i) <u>Undisputed Facts</u>. A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

(ii) <u>Disputed Factual Issues</u>. A plain and concise statement of all disputed factual issues which remain to be decided.

(iii) <u>Agreed Statement</u>. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

United States District Court
Northern District of California

United States District Court
Northern District of California

(iv)     Stipulations.  A statement of stipulations requested or proposed for pretrial or trial purposes.

(c)     *Disputed Legal Issues.*

Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statues and decisions.

(d)     *Trial Preparation.*

(i)     Witnesses to Be Called.  With regard to witnesses disclosed pursuant to Federal Civil Rule of Civil Procedure 26(a)(3)(A), a brief statement describing the substance of the testimony to be given.

(ii)     Estimate of Trial Time.  An estimate of the number of hours needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

(iii)     Use of Discovery Responses.  Designate excerpts from discovery that the parties intend to present at trial, other than solely for impeachment or rebuttal, from depositions specifying the witness page and line references, from interrogatory answers, or from responses to requests for admission.

(e)     *Trial Alternatives and Options.*

(i)     Settlement Discussion.  A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

(ii)     Amendments, Dismissals.  A statement of requested or proposed amendments to pleadings or dismissals of parties,

United States District Court
Northern District of California

claims or defenses.

(f)     *Miscellaneous.*

Any other subjects relevant to the trial of the action or material to its just, speedy and inexpensive determination.

(2)   Serve and file trial briefs (not to exceed 25 pages), which shall specify each cause of action and defense remaining to be tried along with a statement of the applicable legal standard (no opposition shall be filed);

(3)   Serve and file no more than ten motions in limine, which shall be filed in one document not to exceed 25 pages;

(4)   Serve and file an exhibit setting forth the qualifications and experience for each expert witness;

(5)   Serve and file a list of each party's exhibits by number (plaintiff) or letter (defendant), including a brief statement describing the substance and purpose of each exhibit and the name of the sponsoring witness;

(6)   Serve and file a list of each party's proposed excerpts from discovery that will be offered at trial;

(7)   File the following **jointly** prepared documents:

(a)     Ten case-specific questions for the electronic jury questionnaire (further discussed below);

(b)     No more than 15 voir dire questions for the Court to ask jurors;

(c)     Jury instructions, arranged in the order the parties propose the Court to give the instructions.  The parties should use the Ninth Circuit Model Jury Instructions to the fullest extent possible.  Modified and "custom" proposed instructions are discouraged.  If offered, they must be clearly identified as such.

(i)     If undisputed, an instruction shall be identified as "Stipulated Instruction No. __ re ____," with the blanks filled in as appropriate.

United States District Court
Northern District of California

(ii) If disputed, each party's proposed version of the instruction shall be inserted together, back-to-back, in their logical place in the overall sequence. A disputed instruction shall be identified as "Disputed Instruction No. ___ re _____ offered by ____," with the blanks filled in as appropriate. All disputed versions of the same basic instruction shall bear the same number. If a party does not have a counter-version and simply contends that no such instruction should be given, that party should so state on a separate page inserted in lieu of an alternate version. Following each set of competing versions of a disputed instruction, each party shall explain, in no more than two pages, why the Court should give that party's proposed instruction or why an instruction should not be given at all. **Citations with pin cites are required**. The parties are required to meet and confer in good faith to keep disputed instructions to a minimum. Unilateral or separate submissions will be stricken.

(iii) The following jury instructions from the <u>Ninth Circuit Manual of Model Civil Jury Instructions</u> (available on the Ninth Circuit website at *http://www.ce9.uscourts.gov*) shall be given absent objection: 1.2, 1.5, 1.9-1.18, 1.20, 2.13, 3.1-3.3, 3.5. The Court will also give the attached "Unconscious Bias" instruction absent objection. Do not submit duplicates of those instructions listed above except as

United States District Court
Northern District of California

to 1.5, which includes a brief summary of the parties' respective positions.

  (d) Verdict form.  If the parties cannot agree, the parties may separately provide their respective proposals.

  (8) The parties shall lodge <u>two</u> sets of all pretrial filings (1-7, above) to the Oakland Clerk's Office within one court day of filing. The filings must be contained in a binder, separated by tabs labelled with the name of the filing (i.e., joint pretrial statement, trial brief, voir dire questions, jury instructions, verdict forms, exhibit lists, etc.).  The parties shall also deliver a flash drive of all pre-marked exhibits and discovery excerpts (including deposition testimony or admission) to the Oakland Clerk's Office.  Each exhibit must be its own individual file, labeled by Exhibit #, and Brief Description, *e.g.*, Exh. 5, May 5, 2025 Contract.  The exhibits shall be labeled in the lower right-hand corner with the exhibit number in a prominent, bold typeface.

  (9) The parties shall exchange pre-marked exhibits.  Plaintiff shall use numbers (1, 2, 3, etc.) and defendant shall use numbers preceded by a letter (A-1, A-2, A-3, etc.). Additional parties shall also use a letter preceding numbers (B-1, B-2, B-3, or C-1, C-2, C-3, etc.);

No party shall be permitted to call any witness or offer any exhibit in its case in chief that is not timely disclosed in its pretrial statement, exchanged with opposing counsel, and delivered to the Court absent leave of the court and for good cause shown.  Furthermore, all parties are reminded of their disclosure duties under Federal Rule of Civil Procedure 26.  Any document or witness that should have been disclosed under Rule 26 will not be introduced at trial.

  d. By October 22, 2027, counsel and/or parties shall file any opposition to a motion *in limine*.  No replies to motions in limine shall be filed. The parties shall lodge <u>two</u> sets of their oppositions to the Oakland Clerk's Office within one court day of filing.

  e. By October 29, 2027, after meeting and conferring in a good faith attempt to resolve any objections, counsel and/or parties shall **jointly** file:

United States District Court
Northern District of California

(1) Exhibit objections.

(a) Each party shall identify no more than fifteen (15) of the opposing party's exhibits for which the submitting party seeks rulings on objections prior to trial.  A party may identify an exhibit that it believes is critical to the case or an exhibit that it believes is representative of other exhibits, such that the identified exhibit will provide a bellwether as to how the Court will rule on other exhibits. The objecting party must include a robust explanation for the objection, which shall be no more than two pages.  For example, it is insufficient to state that an exhibit is hearsay; the party must explain how the exhibit constitutes impermissible hearsay.  The objection and explanation shall be no more than two pages.

(b) Immediately following the objection shall be the opposing party's response.  The response shall be no more than two pages.

(c) At the end of the joint submission, the parties shall include a declaration, signed by lead counsel, under penalty of perjury, stating that they have attempted to resolve the objections in good faith.

(d) The parties shall attach a copy of the exhibits at issue to the joint submission.

(2) Objections and responses to objections regarding excerpts of depositions and other discovery, witnesses, and verdict forms.  The objections and responses must be supported by legal authority and analysis.

(3) The parties shall lodge two sets of these joint filings to the Oakland Clerk's Office within one court day of filing. The filings must be contained in a binder, separated by tabs (i.e., exhibit objections (with each exhibit at issue tabbed with the exhibit number), witness objections, etc.).

f. All motions shall be heard at the pretrial conference unless otherwise ordered.

//

United States District Court
Northern District of California

7.    <u>JURY TRIAL</u>

a.    The Court currently issues an electronic questionnaire, which includes standard juror questions and up to ten additional case-specific questions.  The standard questionnaire (or similar) is provided to the venire members, to be answered online.  The standard questionnaire may be found in the "Attorney Quick Links," on https://www.cand.uscourts.gov/attorneys/.  Additionally, the parties may include up to ten additional case-specific questions.  The parties should determine whether they prefer responses to be provided either in the form of: (1) a "no" and "if yes, please explain" comment box, or (2) a comment box.  Examples of these options are shown below:

1. Do you or any close family members or friends have experience working in education?  💬 0

○ No

○ If yes, please explain.

2. Do you or any close family members or friends have experience working in education?  💬 0

b.    Responses to the electronic questionnaire are provided to counsel prior to jury selection.  The Court will typically schedule a conference prior to jury selection to review questionnaire responses and discuss jurors who should be excused for cause.  During voir dire, the Court does not intend to re-ask questions that potential jurors have already been asked in the electronic questionnaire; this does not preclude following up on particular answers.  Counsel should submit an agreed upon set of additional voir dire questions to be posed by the Court.  Any voir dire questions on which counsel cannot agree may be submitted separately.  Counsel shall be allowed brief follow-up voir dire after the Court's questioning.

c.    <u>Bench copy</u>: A bench binder containing a copy of each side's exhibits must be provided to the Court on the first day of trial.  Each exhibit must be separated with a label divider.

9

8.    In addition to electronic filing, Counsel shall email copies of motions *in limine*, forms of verdict, and trial briefs in standard Word format (.doc or .docx, not .pdf format) to kawpo@cand.uscourts.gov. Counsel shall also e-mail a clean copy of the proposed jury instructions, which shall only include the instructions; citations and objections shall be omitted.

9.    <u>SUMMARY OF DATES</u>

| | |
|---|---|
| Trial | December 6, 2027 |
| Pretrial Conference | November 17, 2027 |
| Joint Evidentiary Objections and Responses | October 29, 2027 |
| Oppositions to Motions in Limine | October 22, 2027 |
| Joint Pretrial Statement; Motions in Limine | October 12, 2027 |
| Meet and Confer | October 5, 2027 |
| Last Day to Hear Dispositive Motions | August 19, 2027 |
| Close of Expert Discovery | June 18, 2027 |
| Rebuttal Expert Disclosure and Reports Provided | April 19, 2027 |
| Expert Disclosure and Reports Provided | March 19, 2027 |
| Non-Expert Discovery Cut-off | June 18, 2027 |
| ADR Deadline | TBD |
| Last day to amend the pleadings | December 31, 2026 |

A further Case Management Conference is scheduled for September 15, 2026 at 1:30 p.m.

IT IS SO ORDERED.

Dated: June 4, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

**UNCONSCIOUS BIAS JURY INSTRUCTION**

We all have feelings, assumptions, perceptions, fears, and stereotypes about others. Some biases we are aware of, and others we might not be fully aware of, which is why they are called implicit or unconscious biases. No matter how unbiased we think we are, our brains are hard-wired to make unconscious decisions. We look at others and filter what they say through our own personal experience and background. Because we all do this, we often see life and evaluate evidence in a way that tends to favor people who are like ourselves, or who have had life experiences like our own. We can also have biases about people like ourselves. One common example is the automatic association of male with career and female with family. Bias can affect our thoughts, how we remember what we see and hear, whom we believe or disbelieve, and how we make important decisions.

As jurors, you are being asked to make an important decision in the case. You must one, take the time you need to reflect carefully and thoughtfully about the evidence.

Two, think about why you are making the decision you are making and examine it for bias. Reconsider your first impressions of the people and the evidence in this case. If the people involved in this case were from different backgrounds, for example, richer or poorer, more or less educated, older or younger, disabled or abled, or of a different gender, gender identity, race, religion or sexual orientation, would you still view them, and the evidence, the same way?

Three, listen to one another. You must carefully evaluate the evidence and resist, and help each other resist, any urge to reach a verdict influenced by bias for or against any party or witness. Each of you have different backgrounds and will be viewing this case in light of your own insights, assumptions and biases. Listening to different perspectives may help you to better identify the possible effects these hidden biases may have on decision making.

And four, resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or unconscious biases.

The law demands that you make a fair decision based solely on the evidence, your individual evaluations of that evidence, your reason and common sense, and these instructions.